IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Terrell Chandler, ) | C/A No. 8:16-1502-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| James Smith; Alison Shuster, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Edward Terrell Chandler ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is detained in the Edgefield County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff brings suit against James Smith ("Smith"), an investigator with the Edgefield County Sheriff's Office, and Alison Shuster ("Shuster"), a correctional officer at the Edgefield County Detention Center. [Doc. 1.] Plaintiff alleges he was indicted of "a charge that could've been dismissed if the judge" had not been defrauded by certain evidence and his bond request was wrongfully denied. [*Id.*] This claim is based on Smith's alleged misconduct; he allegedly committed perjury by telling the judge during two separate hearings that the DNA test results pertaining to Plaintiff had not come back from SLED. [*Id.*] However, Plaintiff later learned from his attorney the results of DNA tests that were addressed to Smith, and he alleges that Smith would have had the test results at the time even though he said he did not have them. [*Id.*] Thus, Smith allegedly lied on May 20, 2015, and November 20, 2015, to keep Plaintiff in detention. [*Id.*] Plaintiff alleges that

Smith violated his right to a fair hearing, and the claim seems to assert a violation of due process. [*Id.*]

Plaintiff's claim against Shuster seems to assert a violation of his equal protection rights. [*Id.*] He alleges he witnessed Shuster commit an unspecified crime, and he wanted to report it to law enforcement. [*Id.*] He contends that because he was in the detention center he was improperly denied the right to contact law enforcement. [*Id.*] He alleges he wrote a grievance to the Sheriff of Edgefield County in order to report Shuster's misconduct, but Shuster answered it by stating that Plaintiff should contact his attorney or public defender about the matter. [*Id.*] He seems to contend that neither the Sheriff nor other law enforcement received the grievance. [*Id.*] He seems to allege his only way to reach law enforcement was to submit a grievance. [*Id.*] Thus, he alleges he was prevented from contacting law enforcement. [*Id.*]

For his relief, Plaintiff requests the following: punitive damages due to his equal protection rights being violated; a declaratory judgment that he has the right to report any crime that he witnesses to law enforcement; a declaratory judgment that the police violated his constitutional rights by committing perjury and depriving him of a fair hearing; an injunction to relieve the officer, Smith, from his case and from law enforcement; and that Shuster be held accountable for breaking the law and charged with the crime. [*Id.*]

This Court takes judicial notice of Plaintiff's pending criminal charges. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Edgefield County court records indicate that there are four

2

pending indictments against Plaintiff: burglary first degree; robbery; CSC first degree; and kidnaping. *See* Edgefield County Eleventh Judicial Circuit Public Index, https://publicindex.sccourts.org/Edgefield/PublicIndex/PISearch.aspx (enter Plaintiff's name, and 2015A1910100124, 2015A1910100125, 2015A1910100126, 2015A1910200038) (last visited June 23, 2016). And, in each of those cases, "Inv. James Smith" is listed as the "Officer." *Id.*

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v.*

3

*Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

Plaintiff fails to allege a plausible claim against Shuster because there is no constitutional right to report any crime witnessed to law enforcement. Plaintiff seems to contend that his constitutional right to equal protection was violated because if he had been in free society he could have reported the crime to law enforcement but he was treated differently because he was detained. Specifically, he alleges he wrote a grievance to the Sheriff of Edgefield County in order to report Shuster's misconduct, but Shuster answered it by stating that Plaintiff should contact his attorney or public defender about the matter. And, he contends that neither the Sheriff nor other law enforcement received the grievance, and his only way to reach law enforcement was to submit a grievance. Plaintiff's claim fails on the facts because he does not allege that he attempted to write and mail a letter directly to a sheriff or law enforcement to report about the crime he witnessed, and that Shuster prevented him from doing so. Plaintiff also does not allege that he attempted to make a telephone call directly to a sheriff or law enforcement to report about the crime he witnessed, and that Shuster prevented him from doing so. In other words, Plaintiff's

5

allegation—that the only way he could have contacted law enforcement was by submitting a grievance—is simply not plausible.

"When equal protection challenges arise in a prison context, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner. In such instances, the court must determine whether the disparate treatment is 'reasonably related to any legitimate penological interest.'" *Chappell v. Miles*, C/A No. 2:12-303-MBS, 2012 WL 1570020 (D.S.C. May 3, 2012) (citation omitted). In the instant case, even assuming detainees are told by detention center officials to contact their attorneys to report alleged crimes witnessed within the detention center, such would be reasonably related to a legitimate penological interest of safety and security. Thus, Plaintiff fails to state a plausible claim for an equal protection violation.

Moreover, Plaintiff fails to allege a plausible claim against Shuster and Smith because the relief requested is not available under the law. Plaintiff contends that Smith, an investigator with the Edgefield County Sheriff's Office, lied to judges in order to keep Plaintiff in detention, and Plaintiff requests that Smith be charged with perjury.[1]  And, Plaintiff alleges that Shuster committed an unspecified crime, and she should be charged with the crime. This Court construes that Plaintiff seeks a criminal prosecution of Smith and Shuster. However, Plaintiff cannot have this Court prosecute criminal charges against them because "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410

---

[1] This Court recognizes that Plaintiff alleges Smith violated his due process right to a fair hearing; however, it appears that the requested relief is not available under the law.

U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Additionally, Plaintiff seems to request that both Defendants be removed from law enforcement or demoted. This relief is not available under the law because this Court cannot terminate Defendants from employment. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to remove or reassign state employees).

Further, Plaintiff's request for a declaratory judgment that his constitutional rights were violated by both Defendants is not sufficient to state a claim for relief pursuant to the United States Declaratory Judgment Act, 28 U.S.C. § 2201. "'Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.' . . . 'Declaratory judgments are not meant simply to proclaim that one party is liable to another.'" *Abebe v. Richland Cnty.*, C/A No. 2:09-2469-MBS-RSC, 2009 WL 6582396, at *4 (D.S.C. Oct. 8, 2009) (citations omitted), *adopted*, 2010 WL 2431062 (D.S.C. June 14, 2010), *aff'd*, 399 F. App'x 820 (4th Cir. 2010). Thus, Plaintiff fails to state a plausible claim for declaratory relief.

Lastly, as discussed above, Plaintiff alleges he was indicted of "a charge that could've been dismissed if the judge" had not been defrauded by certain evidence. Such may be an allegation that Plaintiff should not have been indicted on certain charges, and this lawsuit may be an attempt to dismiss pending state criminal charges. Plaintiff also

requests that Smith be relieved as the officer in his criminal case. These requests are for this Court to interfere with the state's pending criminal case against Plaintiff. However, because a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances, this Court should abstain from interfering with it. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate). Here, no circumstances are alleged that would cause this Court to interfere with the state pending criminal proceedings.[2]

---

[2] Even if Smith lied to the state judges to keep Plaintiff in detention, Plaintiff should be able to raise that to the attention of the state courts.

**RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

June 24, 2016                                              S/Jacquelyn D. Austin
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).