IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Edward Terrell Chandler, | ) | |
| | ) | Civil Action No. 8:16-1502-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| James Smith and | ) | |
| Alison Shuster, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's action without prejudice and without issuance of service of process. (ECF No. 10). Plaintiff was advised of his right to file objections to the Report. (ECF No. 10 at 10). Plaintiff did not file objections to the Report. Instead, Plaintiff filed a motion to amend his complaint. (ECF No. 12).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff, a pretrial detainee, filed this lawsuit against James Smith, an investigating police officer, and Alison Shuster, a correctional officer at Edgefield County Detention Center. (ECF No. 1 at 2–3). He asserts that Defendant Smith committed perjury so that he would be indicted, and that he was denied his constitutional rights because he could not contact law enforcement about a crime he witnessed. (ECF No. 1 at 5–6, 16). He claims Defendant Shuster violated his constitutional rights by not forwarding his jail grievance to law enforcement. (ECF No. 1 at 15). In the grievance, Plaintiff sought to report the alleged perjury. (ECF No. 1 at 6, 15).

The complaint asks this court to remove Defendant Smith from his position and that the court hold Defendant Smith accountable for alleged fraud he committed to have Plaintiff indicted. (ECF No. 1 at 6). The complaint further seeks injunctive relief to prevent Defendant Smith from working on Plaintiff's underlying criminal case. (ECF No. 1 at 17). Plaintiff also seeks a declaration that he has the right to report any crime he witnesses to law enforcement, and he seeks punitive damages for the violations. (ECF No. 1 at 17).

The Report recommended dismissing the claims because the complaint fails to state a claim. (ECF No. 10). The Report thoroughly discussed Plaintiff's claims and determined that they lack merit. (ECF No. 10 at 5–8).

In lieu of filing objections, Plaintiff filed a motion to amend his complaint. (ECF No. 12). In his motion, Plaintiff clarifies the amount of punitive damages he is seeking from both defendants, and states he has no intentions to interfere with his underlying criminal proceedings.

(ECF No. 12 at 1). Plaintiff's motion and amended complaint seeks only to clarify his factual and legal claims against Defendant Shuster. Because Plaintiff does not seek to remedy the deficiencies of his original complaint with respect to Defendant Smith, the court finds that, after a review of the filings, the action should be dismissed as to Defendant Smith.

As to Defendant Shuster, the court finds that the new allegations also fail to state a cognizable claim, and that, therefore, the motion to amend should be denied as futile. In his new factual allegations,[1] Plaintiff asserts that he was given an inmate rules and regulations book, which provides that his grievance would be forwarded to the proper authority. (ECF No. 12-1 at 1). Plaintiff claims that Defendant Shuster read his grievances and forwarded them, on numerous occasions, to the magistrate court. (ECF No. 12-1 at 1). In those grievances, Defendant Shuster became aware that Plaintiff sought to have police officers, who work in the same building as her, arrested. (ECF No. 12-1 at 1).

Plaintiff asserts that he submitted two grievances, asking that the sheriff press charges against the officers. (ECF No. 12 at 2). Plaintiff claims that Defendant Shuster did not forward the grievance, but instead he received a response that he should contact his criminal defense lawyer about these matters. (ECF No. 12 at 2). He states that he does not need a lawyer to file criminal charges for him. (ECF No. 12 at 2).

Plaintiff argues that the decision by Defendant Shuster not to forward the mail seeking charges against fellow officers violated his Equal Protection rights under the Fourteenth Amendment. (ECF No. 12 at 2).

The court finds the proposed amendment to the complaint does not remedy any of the deficiencies in the initial complaint. Plaintiff claims that he filed a grievance under the Inmate

---

[1] The court notes that the first page of his statement of claims is labeled exhibit number two (ECF No. 12-1), while the second and third pages are located in his motion (ECF No. 12 at 2–3).

Rules and Regulations of Edgefield County Detention Center.  (ECF No. 12-3 at 6).  He does not assert that he mailed a letter to the sheriff and that the detention center prevented the letter from being mailed.  Instead, Plaintiff alleges that his constitutional rights were violated because his grievance form was not reviewed by the sheriff.  State inmates have "no [constitutional] entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

In the proposed amendment to the complaint, Plaintiff has not set forth any allegations that directing Plaintiff to contact his attorney about his concerns with the investigating police violated his constitutional rights.

A motion to amend a pleading is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under Rule 15, a court should deny a motion to amend "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)).

Based on this standard, the court finds the proposed amendment to the complaint is futile and should be denied.

The court has thoroughly reviewed the Report and the filings in this case.  The proposed amendment to the complaint does not alter the analysis set forth in the Report.  Thus, the court finds no reason to deviate from its recommended disposition.  Accordingly, Plaintiff's motion to amend his complaint (ECF No. 12) is **DENIED**.  The court adopts the Report (ECF No. 10) and

incorporates it herein, and Plaintiff's action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

August 16, 2016
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.